1  Alan Harris (SBN 146079)
   Priya Mohan (SBN 228984)
2  HARRIS & RUBLE
   6424 Santa Monica Boulevard
3  Los Angeles, CA 90038
   Tel: 323.962.3777
4  Fax: 323.962.3004
   E-mail: aharris@harrisandruble.com
5  pmohan@harrisandruble.com

6  Attorneys for Plaintiffs

7

8

9                    **UNITED STATES DISTRICT COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11  MICHAEL WILLIAMSON, and         Case No.  **CV12-8056** -DSF
    DWIGHT LAY, individually and on                      (JCx)
12  behalf of all others similarly
    situated,                       **COMPLAINT**
13                                  [*Class and Collective-Action*]
                Plaintiffs
14                                   1. Section 203 of the California Labor
        v.                           Code, Continuing Wages
15
    ERICK GEISLER, GS               2.  Section 226 of the California Labor
16  ENTERTAINMENT LLC, a            Code, Failure to Provide Information on
    California Limited Liability    Pay Stubs
17  Company, MUSE
    PRODUCTIONS, INC., a            3.  Sections 510 and 1194 of the
18  California Corporation, and NICK California Labor Code, Failure to Pay
    CASSAVETES,                     Minimum Wage and Overtime
19                                  Compensation
                Defendants.
20                                  4.  29 U.S.C. § 216(b), Fair Labor
                                    Standards Act, Failure to Pay Minimum
21                                  Wage, Overtime, and Liquidated
                                    Damages
22
                                    **DEMAND FOR JURY TRIAL**
23

24

25

26

27

28

                                    1

Plaintiffs Michael Williamson and Dwight Lay, by and through their undersigned attorneys, bring this action against Defendants Erick Geisler, GS Entertainment LLC, Muse Productions, Inc., and Nick Cassavetes (collectively "Defendants"). Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.     **Jurisdiction.** This Court has jurisdiction pursuant to 28 U.S.C. § 1331. As detailed below, Plaintiffs alleges that Defendants violated their rights under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C . § 201 *et seq.*, by failing to pay them and other similarly situated employees appropriate wages. Plaintiffs' Complaint therefore constitutes a civil action arising under the laws of the United States, and this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

2.     **Venue.** Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) because, as detailed below, all Defendants are residents of California and all Defendants reside in the Central District.

3.     Plaintiffs bring this case individually and as a class and collective action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 and 29 U.S.C. § 216(b).

## PARTIES

4.     Michael Williamson ("Williamson") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California.

5.     Dwight Lay ("Lay") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California.

6.     GS Entertainment LLC ("GS") is a California limited liability company, which at all times relevant herein, conducted business within the County of Los Angeles, State of California. GS was and is the production company for the production of a motion picture project entitled "Yellow" and/or "Proud Mary" (the "Production").

7.     Erick Geisler ("Geisler") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of

1  California.  Geisler is the owner and sole manager of GS Entertainment.  On the
2  Production, Geisler employed Williamson, Lay and members of the putative collective
3  action.  In connection with the Production, Geisler acted directly as the employer.

4       8.     Muse Productions, Inc. ("Muse"), is a California corporation, which at all
5  times relevant herein, conducted business within the County of Los Angeles, State of
6  California.  On the Production, Muse employed Williamson, Lay and members of the
7  putative collective action.  In connection with the Production, Muse acted directly as the
8  employer.

9       9.     Nick Cassavetes ("Cassavetes"), is an individual, who, during the time
10  periods relevant to this Complaint, was and is a resident of the County of Los Angeles,
11  State of California.  On the Production, Cassavetes employed Williamson, Lay and
12  members of the putative collective action.  In connection with the Production, Cassavetes
13  acted directly as the employer.

14       10.     Defendants are or were the joint employers of Plaintiffs and the employees
15  that Plaintiffs seek to represent in this action.  Defendants, and each of them, are now,
16  and /or at all times mentioned in this Complaint were, in some manner legally responsible
17  for the events, happenings, and circumstances alleged in this Complaint.  Defendants, and
18  each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs,
19  complaints, injuries and/or damages alleged in this Complaint.  Furthermore, Defendants,
20  and each of them, are now, and/or at all times mentioned in this Complaint were, the
21  agents, servants, and/or employees of some or all other Defendants, and vice-versa, and,
22  in doing the things alleged in this Complaint, Defendants are now, and/or at all times
23  mentioned in this Complaint, were, acting within the course and scope of that agency,
24  servitude, or employment.  Alternatively, Defendants, and each of them, are now, and/or
25  at all times mentioned in this Complaint, were, members of and/or engaged in a joint
26  venture, partnership, or common enterprise, and were acting within the course and scope
27  of, and pursuant to, said joint venture, partnership, or common enterprise.  In addition,
28  Defendants, and each of them, at all times mentioned in this Complaint concurred and



1  contributed to the various acts and omissions of each and every one of the other

2  Defendants in proximately causing the complaints, injuries, and/or damages alleged in

3  this Complaint. Likewise, Defendants, and each of them, at all times mentioned in this

4  Complaint approved of, condoned, and/or otherwise ratified each and every one of the

5  acts or omissions alleged in this Complaint. Finally, Defendants, and each of them, at all

6  times mentioned in this Complaint, aided and abetted the acts and omissions of each and

7  every one of the other defendants, thereby proximately causing the damages alleged in

8  this Complaint.

9  ## GENERAL ALLEGATIONS

10  11.    In or around September, 2010, Defendants hired Plaintiffs Williamson and

11  Lay to work on the Production as electricians. Plaintiffs completed their work on the

12  Production and were discharged from the Production in September, 2010. However, they

13  were not provided any compensation for their work until on or after December 20, 2010.

14  12.    Defendants portrayed the film project at issue in this case as a "low budget

15  webisode." This portrayal was a fabrication concocted so that Defendants could pay their

16  employees on a lower pay scale.

17  13.    Upon information and belief, Defendants employed Plaintiffs and putative

18  class and collective action members on the Production, although they knew the funding

19  for the project was not available. No individual who was employed on the Production

20  was paid any compensation for work performed for Defendants in or around September

21  2010, until December, 2010.

22  14.    At all relevant times mentioned herein, section 201.5 of the California Labor

23  Code controlled final payment of wages to certain employees. Section 201.5 of the

24  California Labor Code provides a discharged employee shall be paid by the next

25  regularly scheduled payday. In no event should Plaintiff or putative class members have

26  been paid later than the time period established by section 204 of the California Labor

27  Code.

28  15.    At all times relevant herein, section 204 of the California Labor Code

1  provided in part:

2      All wages, other than those mentioned in Section 201, 201.3, 202,

3      204.1, or 204.2, earned by any person in any employment are due and

4      payable twice during each calendar month, on days designated in

5      advance by the employer as the regular paydays. Labor performed

6      between the 1st and 15th days, inclusive, of any calendar month shall

7      be paid for between the 16th and the 26th day of the month during

8      which the labor was performed, and labor performed between the 16th

9      and the last day, inclusive, of any calendar month, shall be paid for

10     between the 1st and 10th day of the following month.

11  Cal. Lab. Code § 204.

12     16.   Defendant GS did not compensate Williamson and Lay and members of the

13  putative class as required by section 201.5 of the California Labor Code.

14     17.   At all relevant times mentioned herein, section 203 of the California Labor

15  Code provided:

16     If an employer willfully fails to pay, without abatement or reduction,

17     in accordance with Sections 201, 201.5, 202 and 202.5, any wages of

18     an employee who is discharged or who quits, the wages of the

19     employee shall continue as a penalty from the due date thereof at the

20     same rate until paid or until action therefore is commence; but the

21     wages shall not continue for more than 30 days.

22  Cal. Lab. Code § 203.

23     18.   By failing to pay Williamson and Lay and members of the putative class all

24  wages when due, Defendant GS violated section 204 of the California Labor Code.

25     19.   At all times relevant herein, section 210 of the California Labor Code

26  provided:

27     In addition to, and entirely independent and apart from, any other

28     penalty provided in this article, every person who fails to pay the

5

COMPLAINT

wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

20. At all relevant times mentioned herein, section 510 (a) of the California Labor Code provided:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following: (1) An alternative workweek schedule adopted pursuant to Section 511. (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement

1             pursuant to Section 514.

2    Cal. Lab. Code § 510.

3       21.     In regard to the employment of Williamson and Lay, the provisions of

4 subparagraphs (1) and (2) of section 510 of the California Labor Code were inapplicable

5 in that no alternative workweek schedule had been adopted pursuant to section 511 or

6 pursuant to a collective bargaining agreement.

7       22.     At all relevant times mentioned herein, section 1194 of the California Labor

8 Code provided:

9             Notwithstanding any agreement to work for a lesser wage, any

10             employee receiving less than the legal minimum wage or the legal

11             overtime compensation applicable to the employee is entitled to

12             recover in a civil action the unpaid balance of the full amount of this

13             minimum wage or overtime compensation, including interest thereon,

14             reasonable attorney's fees, and costs of suit.

15    Cal. Lab. Code § 1194.

16       23.     Section 1197.1 (a) of the California Labor Code provides:

17             Any employer or other person acting either individually or as an

18             officer, agent, or employee of another person, who pays or causes to

19             be paid to any employee a wage less than the minimum fixed by an

20             order of the commission shall be subject to a civil penalty as follows:

21             (1) For any initial violation that is intentionally committed, one

22             hundred dollars ($100) for each underpaid employee for each pay

23             period for which the employee is underpaid.

24             (2) For each subsequent violation for the same specific offense, two

25             hundred fifty dollars ($250) for each underpaid employee for each pay

26             period for which the employee is underpaid regardless of whether the

27             initial violation is intentionally committed.

28    Cal. Lab. Code § 1197.1.

24.    The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

25.    At all relevant times mentioned herein, section 558 of the California Labor Code provided:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Cal. Lab. Code § 558.

26.    Plaintiffs, putative class members, and putative collection-action members were not timely paid the minimum wages and/or overtime to which they

were entitled.

27.   At all relevant times mentioned herein, section 226 of the California Labor Code provided:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three

years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226. Defendant GS employed Plaintiffs and putative class members, but failed to provide them with the data required by section 226(a) of the California Labor Code. Defendant GS failed to provide information concerning the name and address of the legal entity that is the employer, or any of the other required data. All of the foregoing was intentional misconduct of Defendant GS that injured Plaintiffs and putative class members insofar as they were subjected to confusion and deprived of information to which they were legally entitled.

## CLASS-ACTION ALLEGATIONS

28. Plaintiffs bring the first through the third claims for relief below on a class-wide basis pursuant to FRCP 23. For these claims, Plaintiffs seek to represent all individuals who were employed by GS Entertainment LLC to provide services on the Production during the period from three years prior to the filing of this Complaint to the date of the filing of the motion for class certification ("Class").

29.     Plaintiffs contend that the failure of Defendant GS to make payments within the time provided for in California Labor Code section 201.5 has been and is "willful" within the meaning of such word as used in section 203 of the California Labor Code and that, accordingly, each member of the Class is entitled to the "continuing wages" provided for in section 203 against Defendant GS.

30.     The proposed Class members are ascertainable in that they can be identified using the information contained in GS's payroll and personnel records. The number of persons within the Class is great, believed to be in excess of 45 persons. It is, therefore, impractical to join each member of the class as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

31.     Despite the numerosity of the members of the Class, membership within the Class is readily ascertainable through an examination of the records which the Defendants are required by law to keep and which they have kept. Likewise, the dollar amounts owed to Plaintiff and to each putative member of the Class are readily ascertainable by an examination of the same records.

32.     The Class is proper insofar as common questions of fact and of law predominate over individual issues regarding the money owed to each class member.

33.     There is a well-defined community of interest in the questions of law and fact common to the Class. The key questions are the same for each Class member: (a) Was such Class member an employee of GS in connection with the Production? (b) Was such Class member discharged by Defendant GS? (c) Did GS pay each Class member his or her wages by the next regular payday as required by section 201.5 of the California Labor Code? (d) Did GS pay each Class member the overtime compensation which he or she was owed? (e) Has Defendant GS violated the mandatory requirements of section 226 of the California Labor Code? (f) Was Defendant GS acting with respect to section 226 of the California Labor Code in a manner that was and is willful, knowing, and intentional?

1    34.    Plaintiffs' claims are typical of the claims of the members of the Class,

2    which all arise out of the same general operative facts, i.e., Defendant GS did not

3    compensate their employees as required by the California Labor Code and that Defendant

4    GS failed to provide Class members with the information legally mandated by section

5    226(a) of the California Labor Code.  Plaintiffs have no conflict of interest with the other

6    members of the Class and are able to fairly and adequately represent the interests of the

7    class.

8    35.    The nature of this action and the laws available to Plaintiffs and Class

9    Members make the class action/collective action format a particularly efficient and

10   appropriate procedure to redress the wrongs alleged herein.  First, the persons within the

11   Class are numerous and joinder of all of them is impractical.  Second, the disposition of

12   all claims of the members of the Class in a class action rather than in individual actions

13   will benefit both the parties and the court.  In that regard, the claims of each individual

14   member of the Class are too small to litigate individually and the commencement of

15   forty-five or more separate actions in this Court would lead to an undue burden on scarce

16   judicial resources.  Further, the alternative of individual proceedings before the Labor

17   Commissioner is impractical inasmuch as that agency has insufficient resources to

18   promptly process such claims and, under the provisions of Labor Code section 98.2, if the

19   individual Class members were to succeed in obtaining awards in their favor, such

20   awards may be appealed as a matter of right for a *de novo* trial in Superior Court, leading

21   to a multiplicity of such trials in that court.  Further, absent class treatment, employees

22   will most likely be unable to secure redress given the time and expense necessary to

23   pursue individual claims and individual class members will likely be unable to retain

24   counsel willing to prosecute their claims on an individual basis given the small amount of

25   recovery available to each individual class member. As a practical matter, denial of class

26   treatment will lead to denial of recovery to the individual members of the Class.

27

28

1   36.    The interest of each Class member in controlling the prosecution of his or

2   her individual claim against Defendant GS is small when compared with the efficiency of

3   a class action.

4               **FLSA COLLECTIVE-ACTION ALLEGATIONS**

5   37.    Plaintiffs bring the fourth claim for relief below on a collective basis

6   pursuant to the FLSA.  For this claim, Plaintiffs seek to represent all individuals who

7   were employed by Defendants GS, Geisler, Muse and Cassavetes (collectively

8   "Defendants") on the Production and who were not paid in accordance with the Fair

9   Labor Standards Act, 29 U.S.C. §§ 206 and 207, during the period beginning three years

10  prior to the filing of this Complaint ("Collective Action").

11  38.    Plaintiffs are similarly situated with the members of the Collective Action in

12  that:

13          (a) Plaintiffs and the members of the Collective Action were employed by

14              Defendants;

15          (b) Plaintiffs and the members of the Collective Action were not compensated

16              for all the hours they worked under the FLSA;

17          (c) Defendants knowingly and willfully violated provisions of the FLSA, by

18              not paying Plaintiffs and the members of the Collective Action their wages

19              when due;

20          (d) As a result of the Defendants' policy and practice of withholding

21              compensation for all hours worked, including minimum wages and

22              overtime compensation, Plaintiffs and the members of the Collective

23              Action have been similarly damaged in that they have not received all of

24              their earned wages to date.

25  39.    This action is maintainable as an "opt-in" collective action pursuant to 29

26  U.S.C. § 216 (b) as to claims for unpaid wages, liquidated damages, costs and attorneys'

27  fees under the FLSA.

28  40.    All members of the Collective Action during the relevant time period should

be given notice and be allowed to give their consent in writing, i.e. "opt in," to the collective action pursuant to 29 U.S.C. § 216 (b).

## FIRST CAUSE OF ACTION

(Continuing Wages, California Labor Code § 203

On Behalf of Plaintiffs and Class Against Defendant GS Only)

41.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

42.     Defendant GS employed Williamson and Lay on the Production.

43.     In or about September, 2010, Plaintiffs were discharged from the Production after completing their work. However, Defendant GS did not provide any compensation to Plaintiffs for their work in September, 2010 until December, 2010. Defendant GS did not pay Plaintiffs their earned wages as required by section 201.5 of the California Labor Code. The members of the Class were discharged in the same manner and were not paid their earned wages as required by section 201.5 of the California Labor Code.

44.     Defendant GS's failure to compensate Plaintiffs and the members of the Class within the time provided for in section 201.5 of the California Labor Code, despite its knowledge of its obligation to do so, was "willful" as the word is used in section 203.

45.     Pursuant to section 203 of the California Labor code, Plaintiffs are entitled to continuing wages from Defendant GS in an amount according to proof. Members of the putative Class are entitled to continuing wages from Defendant GS in an amount in excess of $500,000, or in an amount according to proof.

## SECOND CAUSE OF ACTION

(Failure to Provide Information on Pay Stubs, California Labor Code § 226

On Behalf of Plaintiffs and the Class Against Defendant GS Only)

46.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

47.     Defendant GS failed to timely provide Plaintiffs and the other members of the class with pay stubs conforming to the requirements of section 226(a) of the

California Labor Code. Defendant GS has never provided Plaintiffs and the other members of the Class with a pay stub for the work they performed in or around September of 2010, as required by section 226 of the California Labor Code.

48.     The failure of GS to provide pay stubs and/or itemized wage statements violates section 226(a) of the California Labor Code insofar as the Class Members have not received data that accurately sets forth any of the information delineated in section 226(a). In this case, no entity is identified as the "employer." Defendant GS has knowingly and intentionally failed and refused to identify itself or any other entity as the responsible employer. The failure to specifically identify the responsible employer[s] on the wage statement caused Plaintiffs and other members of the putative class injury by depriving them of information to which they are legally entitled and causing confusion and wasted time as a result, delaying their efforts to secure relief from the DLSE and/or unemployment insurance benefits.

49.     Accordingly, Plaintiffs are entitled to damages in the amount of $50.00, or damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226 (e). Putative Class members are entitled to damages in an amount in excess of $5,000 or in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226(e).

## THIRD CAUSE OF ACTION

(Damages for Unpaid Minimum Wages and Overtime Compensation,

California Labor Code §§ 510 and 1194

On Behalf of Plaintiffs and Class Against Defendant GS Only)

50.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

51.     During their employment by Defendant GS on the Production, Plaintiffs and the other members of the Class worked many hours without compensation for any of the work they performed in or around September of 2010, as required by law. Defendant GS

1 has failed to timely pay Plaintiffs and the other members of the Class their minimum
2 wages and overtime wages as required by sections 510 and 1194 of the California Labor
3 Code.

4      52.     Plaintiffs are entitled to recover any unpaid state minimum wages in an
5 amount according to proof, liquidated damages under section 1194.2 of the California
6 Labor Code in an amount according to proof.  Plaintiffs are entitled to recover their
7 unpaid overtime in an amount according to proof.  Plaintiffs are also entitled to recover
8 their costs and reasonable attorneys' fees under section 1194 of the California Labor
9 Code.  Putative Class members are also entitled to recover their unpaid minimum wages
10 and overtime in an amount to be established by proof, liquidated damages under section
11 1194.2 of the California Labor Code and their costs and attorney's fees as provided for in
12 section 1194 of the California Labor Code.

13                          **FOURTH CAUSE OF ACTION**

14          (Fair Labor Standards Act, 29 U.S.C. § 216, Failure to Pay Minimum Wage and
15                                  Overtime, Liquidated Damages—

16          On Behalf of Plaintiffs and Collective Action Members Against All Defendants)

17      53.     Plaintiffs replead, reallege, and incorporate by reference each and every
18 allegation set forth in the Complaint.

19      54.     At all times relevant herein, 29 U.S.C. § 203(d) of the Fair Labor Standards
20 Act defined employer as "any person acting directly or indirectly in the interest of an
21 employer in relation to an employee."  29 U.S.C. § 203(d).   At all times herein,
22 Defendants acted directly or indirectly in the interest of an employer in relation to
23 Plaintiffs and members of the Collective Action.

24      55.     Defendants, by not paying Plaintiffs and the members of the Collective
25 Action the wages due and owing to them, have violated the Fair Labor Standards Act, 29
26 U.S.C. § 206, by failing to provide at least minimum wages to Plaintiffs and members of
27 the Collective Action.

28

56.   At all relevant times herein, 29 U.S.C. § 207 provided:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a).

57.   Defendants, by not paying the members of the Collective Action the overtime wages due and owing to them for their work performed in or around September of 2010, have violated 29 U.S.C. § 207 by failing to timely provide the overtime wages to members of the Collective Action.

58.   Under 29 U.S.C. § 216(b), Plaintiffs are entitled to recover minimum wages according to proof, and liquidated damages according to proof. Putative Collective-Action members are entitled to be paid minimum wages according to proof, and liquidated damages according to proof. Plaintiffs and putative Collective-Action members are entitled to attorneys' fees and costs, in accordance with 29 U.S.C. § 216 (b).

59.   Under 29 U.S.C. § 216(b), Plaintiffs are entitled overtime according to proof, and liquidated damages according to proof. Putative members of the Collective Action are entitled to be paid their overtime according to proof, and liquidated damages according to proof. Plaintiffs and putative Collection-Action members are also entitled to attorney's fees and costs, in accordance with 29 U.S.C. § 216 (b).

**WHEREFORE**, Plaintiffs prays judgment as follows:

1.   That this Court certify the proposed Class.

2.   That this Court certify the proposed Collective Action.

3.   That, under the First Cause of Action, it be adjudged that the failure of Defendant GS to make timely payment of Plaintiffs' and Class members' wages was in

1    violation of section 201.5 of the California Labor Code, and was "willful" as that word is

2    used in section 203 of the California Labor Code, and that the Court enter judgment

3    against Defendant GS in favor of Plaintiffs and members of the putative Class in an

4    amount equal to 30 times their daily wage, as prescribed by section 203 of the California

5    Labor Code. That judgment be entered in favor of Plaintiffs in an amount according to

6    proof. In addition, that judgment be entered in favor of members of the putative Class in

7    an amount in excess of $500,000, or in an amount to be determined by proof.

8        4.    That, under the Second Cause of Action, the Court enter judgment in favor

9    of Plaintiffs and the Class members and against Defendant GS. That judgment be entered

10    in favor of Plaintiffs in the amount of $50 or according to proof, and costs and reasonable

11    attorneys' fees in accordance with the provisions of California Labor Code section

12    226(e). That judgment be entered in favor of putative Class members in an amount in

13    excess of $5,000 or according to proof, and costs and reasonable attorneys' fees in

14    accordance with the provisions of California Labor Code section 226(e).

15        5.    That, under the Third Cause of Action, this Court enter judgment in favor of

16    Plaintiffs and Class members and against Defendant GS in the amount of their unpaid

17    overtime wages and or minimum wages, liquidated damages, interest thereon, reasonable

18    attorneys' fees and cost of suit pursuant to sections 1194, 1194.2, and 1197.1.

19    Specifically, that judgment be entered in favor of Plaintiffs to recover their unpaid state

20    minimum wages according to proof, liquidated damages under 1194.2 of the California

21    Labor Code according to proof, and overtime damages according to proof. That

22    judgment be entered in favor of putative Class members to recover their unpaid minimum

23    wages and overtime according to proof.

24        6.    That, under the Fourth Cause of Action, this Court enter judgment in favor

25    of Plaintiffs and the members of the Collective Action and against Defendants in the

26    amount of their unpaid minimum wages, overtime, liquidated damages, costs, and

27    attorneys' fees, in accordance with 29 U.S.C. § 216(b). Specifically, that judgment be

28    entered in favor of Plaintiffs according to proof, and liquidated damages for unpaid

minimum wages according to proof, and reasonable attorneys' fees and costs, all pursuant to 29 U.S.C. § 216(b).  That judgment be entered in favor of putative Collective-Action members for their FLSA minimum wages according to proof, and liquidated damages according to proof.   Also, that judgment be entered in favor of Plaintiffs for their FLSA overtime according to proof, and liquidated damages for unpaid overtime according to proof, and reasonable attorneys' fees and costs, all pursuant to 29 U.S.C.  § 216(b).  That judgment be entered in favor of the putative members of the Collective Action according to proof, and liquidated damages according to proof.

7.      For such other and further relief as this Court may deem fit and proper. Plaintiffs demand trial by jury as to all causes of action.

DATED: September 18, 2012                    HARRIS & RUBLE

Alan Harris
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV12- 8056 DSF  (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Alan Harris (SBN 146079)
HARRIS & RUBLE
6424 Santa Monica Blvd., Los Angeles, CA 90038
Tel: 323.962.3777
Fax: 323.962.3004

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILLIAMSON, and DWIGHT LAY, individually and on behalf of all others similarly situated<br><br>PLAINTIFF(S)<br><br>v.<br><br>ERICK GEISLER, GS ENTERTAINMENT, LLC, a California Limited Liability Company, MUSE PRODUCTIONS, INC., a California Corporation, and NICK CASSAVETES,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-8056-DSF-(JC)**<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Alan Harris, Harris & Ruble_ , whose address is _6424 Santa Monica Blvd., Los Angeles, CA 90038_ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___SEP 1 8 2012___

By: _____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MICHAEL WILLIAMSON, and DWIGHT LAY, individually and on behalf of all others similarly situated

**DEFENDANTS**
ERICK GEISLER, GS ENTERTAINMENT, LLC, a California Limited Liability Company, MUSE PRODUCTIONS, INC., a California Corporation, and NICK CASSAVETES

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Alan Harris (SBN 146079), Priya Mohan (SBN 228984), HARRIS & RUBLE, 6424 Santa Monica Blvd., Los Angeles, CA 90038
Tel: 323.962.3777. Fax: 323.962.3004

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** In excess of $500,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. section 216(b), Fair Labor Standards Act, Failure to Pay Minimum Wage, Overtime, and Liquidated Damages

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV12-8056

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

COPY


**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | . |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date September 18, 2012

    **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
    or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
    but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |